IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVEREST NATIONAL INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) | No. 22 C 3368 |
| v. ) ) | Judge Ronald A. Guzmán |
| CYNTHIA KOMAREK, et al., ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Cynthia Komarek's motion to dismiss or in the alternative to stay in lieu of answer is denied.

## BACKGROUND

Plaintiff, Everest National Insurance Company ("Everest"), filed this declaratory-judgment action against Grant Birkley and Cynthia Komarek, seeking a declaration that it owes no duty to defend or indemnify them in connection with two lawsuits filed in the Circuit Court of Cook County. In those lawsuits (the "Underlying Actions"), Cary Moreth, Mary Rieber, the late James Rieber through his personal representative Victor Rieber, Harry Howarth, and Diane Howarth (the "state-court plaintiffs") allege that Birkley and Komarek conspired to defraud them, aided and abetted fraud and breach of fiduciary duty, and violated state securities law in connection with a multi-million-dollar Ponzi scheme allegedly orchestrated by an individual named Matthew Piercey, his family members, and his family's law firm.[1] According to the state-court plaintiffs, Birkley and Komarek operated an entity known as The NBB Group and were "associated persons" of the broker-dealer SagePoint Financial ("SagePoint"). SagePoint is an insured entity under two policies of Securities Broker/Dealer Professional Liability Insurance (the "Policies") issued by Everest. The state-court plaintiffs allege that The NBB Group was associated with Piercey and his firm and that Birkley and Komarek referred their clients to Piercey's firm for estate and financial planning and participated in the sale of investment products offered by an entity controlled by Piercey. The state-court plaintiffs further allege that instead of transferring their assets to certain fixed-income investments, Piercey, Birkley, and Komarek caused those client assets to be used for Piercey's personal expenses and to make payments to third parties in furtherance of the Ponzi scheme, resulting in significant losses to the state-court plaintiffs.

---

[1] The state-court plaintiffs are named as necessary parties to this case by virtue of their status as plaintiffs in the Underlying Actions. (ECF No. 1, Compl. ¶ 13.)

In November 2020, Piercey was indicted on federal charges of wire fraud, mail fraud, witness tampering, concealment, money laundering, and criminal forfeiture. The state-court plaintiffs filed the Underlying Actions in February and March 2022. Everest received notice of them and in May 2022 declined coverage to Birkley and Komarek and requested that they withdraw any claim for coverage. Everest says that Birkley and Komarek have either declined to withdraw their claim or failed to respond to Everest's requests, necessitating the instant declaratory-judgment action.

On June 28, 2022, Everest filed its five-count complaint invoking diversity jurisdiction.[2] It asserts that the allegations of the Underlying Actions do not fall within the Policies' coverage terms; that a policy exclusion applies; and that it was given untimely notice of claims. On September 22, 2022, Everest notified the Court that Birkley has filed for Chapter 7 bankruptcy relief. On October 10, 2022, Everest moved to voluntarily dismiss Birkley; that motion was granted. Komarek filed a motion to dismiss or stay this action under the *Wilton/Brillhart* abstention doctrine. The motion is now fully briefed.

## DISCUSSION

"Under what is known as the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims seeking declaratory relief, even though they have subject matter jurisdiction over such claims." *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 986 (7th Cir. 2010). "This discretion arises from the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202 itself, which provides that district courts '*may* declare the rights and other legal relations of any interested party seeking such declaration." *Id.* "The discretionary nature of the Act led the Supreme Court to hold in *Brillhart* and *Wilton* that district courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case." *Id.* (citing *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 494-95 (1942) and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). There are no set criteria for when a court should use its discretion to abstain, but the "classic example" of when abstention is proper occurs where solely declaratory relief is sought and "parallel" state proceedings are ongoing. *Id.* "That does not mean that abstention is limited to parallel proceedings" or that parallel proceedings are sufficient. *Id.*; *Med. Assur. Co. v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010). Several considerations guide the court's discretion, including whether the declaratory suit presents a question distinct from the issues raised in the state court proceeding; whether the parties to the two actions are identical; whether going forward with the declaratory action will serve a useful purpose in clarifying the legal obligations and relationships among the parties or will merely amount to duplicative and piecemeal litigation; and whether comparable relief is available to the plaintiff seeking a declaratory judgment in another forum or at another time. *Hellman*, 610 F.3d at 379-80.

Komarek contends that this action and the Underlying Actions are parallel. They are not. "Two actions are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in two fora." *Envision*, 604 F.3d at 986. "This inquiry is focused on

---

[2] Pursuant to the Court's order, Everest subsequently filed a jurisdictional supplement to the complaint to cure deficiencies in its citizenship allegations.

2

whether there is a substantial likelihood that the state court litigation will dispose of all claims presented in the federal case." *Atain Specialty Ins. Co. v. Hodge,* No. 3:21-CV-00415-JPG, 2022 WL 3026849, at *5 (S.D. Ill. Aug. 1, 2022) (internal punctuation and citation omitted). In the Underlying Actions, the state-court plaintiffs are suing Komarek and Birkley, in addition to several individuals and entities who are not parties to the instant action, including Piercey, his family members, and their associated firm. In the instant action, Everest, who is not a party to the Underlying Actions, is suing Komarek (and, previously, Birkley), as well as the state-court plaintiffs as necessary parties. The parties thus have some overlap but in the Court's view are not "substantially" the same. *See Navigators Specialty Ins. Co. v. Rural King Supply, Inc.*, No. 19 CV 3154, 2021 WL 1199025, at *4 (C.D. Ill. Mar. 30, 2021) (in the context of the *Wilton/Brillhart* analysis, finding that parties are not "substantially the same" where the sole plaintiff in one action is absent from the other action).

The legal and factual issues are also fundamentally distinct. The Underlying Actions involve tort claims and claims arising out of alleged fiduciary duties and state securities law. This action, on the other hand, addresses contractual issues of insurance coverage. Komarek maintains that "whether . . . the alleged actions of Komarek were an 'Approved Activity' or 'Investment Advisory Service' as defined" in the Policies "has yet to be determined by the Court in the underlying actions." (ECF No. 17, Def.'s Mot. Dismiss or Stay at 4.) Those issues, however, are not before the state court and consequently will not be determined in the Underlying Actions; indeed, Everest is not a party to those actions. Komarek further asserts that the question of whether her actions were "approved by SagePoint," the insured entity, is presented in both cases and that a determination here will prejudice her in the Underlying Actions. (*Id.*) The Court is unpersuaded. While the approval issue may be relevant to both actions in a very broad sense, Komarek fails to explain, and the Court does not see why, this Court's resolution of insurance coverage will interfere with or determine the distinct claims in the Underlying Actions. Likewise, the Underlying Actions will not dispose of the coverage disputes. Everest notes correctly that its coverage obligations hinge primarily on the state-court plaintiffs' *allegations* in the Underlying Actions, regardless of whether they ultimately prove them. *See, e.g.*, *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 314 (7th Cir. 2020) (under Illinois law, if the underlying complaint alleges facts within or potentially within policy coverage, an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent).[3]

Therefore, the two actions are not parallel, and the other relevant considerations also weigh against a dismissal or stay. Proceeding with the instant action will not result in duplicative or piecemeal litigation; rather it will serve a useful purpose in clarifying Everest's obligations under the Policies as well as the Declaratory Judgment Act's goal of allowing for the "efficient resolution of disputes by an early adjudication of the rights of the parties." *See Hellman*, 610 F.3d at 377. Because the actions are not duplicative, Komarek's contention that she "deserves her day in court without having to expend at least twice what her legal fees would be to obtain the coverage she deserves," (Def.'s Mot. Dismiss or Stay at 6), misses the mark. Furthermore, it is doubtful that Everest could obtain declaratory relief in another forum. Komarek contends in conclusory fashion that "nothing prevents [Everest] from obtaining comparable relief" in the Underlying Actions, *(id.* at 4, 6), a dubious proposition. Everest would have to seek intervention in the Underlying Actions

---

[3] The parties appear to agree that the substantive law of Illinois will govern.

to obtain any relief, and, as Everest points out, direct-action suits are prohibited under Illinois law as against public policy. *See, e.g., Garcia v. Lovellette*, 639 N.E.2d 935, 939 (Ill. App. Ct. 1994); *Reagor v. Travelers Ins. Co.*, 415 N.E.2d 512, 515 (Ill. App. Ct. 1980). This policy applies "where the issue of the insurer's liability would be intermingled with that of the insured and with the assessment of damages," *Garcia*, 639 N.E.2d at 939, so Illinois courts generally do not allow insurers to intervene in underlying actions. *See Navigators*, 2021 WL 1199025, at *4 (noting that while Wisconsin law provides that the "preferred procedure" for resolution of duty-to-defend disputes where the insurer is not named as a party is for the insurer to intervene and request a bifurcated trial so that the issue of coverage can be resolved before the issue of liability, "[t]his procedure is not available in Illinois"). In her reply brief, Komarek continues to argue that "Everest can be joined as a necessary party to the [Underlying Actions] with respect to the determination of coverage," (ECF No. 21, Def.'s Reply at 5), without citing authority, discussing Illinois's public policy, or acknowledging the authority cited by Everest.

Accordingly, the Court declines to exercise its discretion to dismiss or stay this action for declaratory judgment.

## CONCLUSION

Defendant Cynthia Komarek's motion to dismiss or in the alternative to stay in lieu of answer [17] is denied. Within 14 days of the date of entry of this order, Komarek shall file an answer to the complaint. Within 10 days of the date the answer is filed, the parties shall file a joint status report as to whether there is any need for discovery and proposing a schedule for further proceedings.

**DATE:** October 12, 2022

**Hon. Ronald A. Guzmán**
**United States District Judge**